# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHALAFALA KHALAFALA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>A. MALFY, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:07-cv-0571-LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST<br><br>(Doc. 1)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on March 27, 2007.

　　　Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated.  Booth v. Churner, 532 U.S. 731, 741 (2001).  The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002), and exhaustion must occur prior to filing suit, McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

1         In his complaint, plaintiff alleges that he did not file a grievance concerning the facts of
2    this case because there is no remedy available. (Doc. 1, § B.)  Plaintiff's contention is incorrect.
3    "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in
4    court."  <u>Jones v. Bock</u>, 127 S.Ct. 910, 918-19 (2007) (citing <u>Porter</u>, 435 U.S. at 524).  Because is
5    it clear from the face of plaintiff's complaint that he did not exhaust prior to filing suit, this
6    action must be dismissed.  42 U.S.C. § 1997e(a); <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 (9th
7    Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal . . . .").
8    Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice,
9    based on plaintiff's failure to comply with 42 U.S.C. § 1997e(a) by exhausting his claims prior to
10   filing suit.

11         These Findings and Recommendations will be submitted to the United States District
12   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
13   **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file
14   written objections with the court.  The document should be captioned "Objections to Magistrate
15   Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections
16   within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v.</u>
17   <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

19        IT IS SO ORDERED.

20        **Dated:    October 22, 2007**                    **/s/ Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE